FRANK STARKS, JR. *v*. STATE OF INDIANA.

[No. 2-674A137. Filed April 16, 1975. Rehearing denied May 27, 1975. Transfer denied August 26, 1975.]

*Frank E. Spencer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

HOFFMAN, J.—Following a jury trial, defendant-appellant Frank Starks, Jr. was convicted of robbery as defined in IC 1971, 35-13-4-6, Ind. Ann. Stat. § 10-4101 (Burns 1956), was sentenced to the Indiana State Prison for a period of not less than ten nor more than twenty-five years, and was ordered to satisfy costs. Thereafter, appellant's belated amended motion to correct errors was overruled and the present appeal was perfected.

An examination of the evidence most favorable to the State discloses that on the morning of April 22, 1973, at approximately 12:45 A.M., a man, later identified by witnesses as appellant-Starks, approached the outside service window of Church's Fried Chicken, Inc., located at the corner of Troy Avenue and Shelby Street in the City of Indianapolis, Indiana. When Paul Moore, an employee of the establishment, attempted to wait on him, appellant stated that "he wanted the money." Appellant then reiterated his statement and "sort of wiggled his hand that was inside of his pocket." Moore testified under direct examination by the State and over objection by the defense that he believed that appellant "had a gun." Moore further testified that he gave appellant the money from the two cash registers in the store and that appellant thereafter left the scene. Approximately $104 was taken. Police arrived shortly thereafter and apprehended appellant approximately two or two and one-half blocks from the store. An amount of cash totalling $104 was found in appellant's possession and upon the ground near the place of his apprehension. Bruce L. Moore, the manager of Church's Fried Chicken, Inc., subsequently arrived at the scene of the apprehension and identified Starks who was seated in a police car.

During direct examination of State's witness Paul Moore, the following exchange took place:

"Q. And did he [the defendant] say anything to you?

"A. Yes, sir.

"Q. And what did he say?

"A. He wanted the—he said he wanted the money.

"Q. He wanted the what?

"A. He wanted the money.

"Q. I see. Did you do anything then?

"A. Yes, sir, at first I just stared at him.

"Q. Did he say anything else?

"A. Yeah, he told me to give him the money again.

"Q. Did he make any motions?

"MR. GILROY: Objection, Your Honor, it's leading.

"THE COURT: Did he make any motions? It can be answered yes or no, so I don't think it is leading. I will overrule the objection. Go ahead and answer it.

"A. Yes, he sort of wiggled his hand that was inside of his pocket."

Appellant contends that the trial court erred in overruling his objection to the question. The inquiry "Did he make any motions?" was objected to at trial upon the ground that it was leading, but we do so regard the question. It should be noted that a leading question is one which "suggests to the witness the answer desired", *Snyder* v. *Snyder* (1875), 50 Ind. 492, at 494; 3 Wigmore, Evidence (Chadbourn Rev. 1970), § 769, at 155; "indicates to the witness the real or supposed fact which the examiner expects and desires to have confirmed by the answer", 4 Jones on Evidence (6th Ed. 1972), § 24:11, at 93; is in the form of an assertion of fact, *Cook* v. *State* (1921), 191 Ind. 412, 133 N.E. 137; or which, embodying a material fact, admits of a conclusive answer in the form of a simple "yes" or "no." *DeHaven et al.* v. *DeHaven et al.* (1881), 77 Ind. 236. However, the mention of a subject to which a witness is desired to direct his or her attention is not considered to be a suggestion of an answer. *DeHaven et al.* v. *DeHaven et al.*, *supra.* Further, in 3 Wigmore, Evidence, *supra*, § 769, at 154, it is stated that,

"Questions may legitimately suggest to the witness the *topic* of the answer; they may be necessary for this purpose where the witness is not aware of the next answering topic to be testified about, or where he is aware of it but its terms remain dormant in his memory until by the mention of some detail the associated details are revived and independently remembered."

Although the question objected to is susceptible of a simple negative or affirmative answer, it does not take the form of an assertion of fact which the witness was asked to verify. The inquiry simply directs Moore's attention to Stark's movements while demanding money, a subject upon which his testimony was desired. As such, it was not improper and the trial court did not err in overruling appellant's objection.

Subsequently, during direct examination of Moore, the following occurred:

"Q. Now did you make a gift of that money?
"A. No, sir.
"Q. Why did you give it to him?
"MR. GILROY: Objection, it calls for a conclusion.
"THE COURT: Overruled.
"A. Because I thought he had a gun."

Appellant asserts that the question, "Why did you give it to him?" called for a conclusion on the part of the witness with regard to a question of fact which was within the province of the jury to determine.

The State's question, however, did not request Moore to testify as to his opinion based upon facts in evidence; rather, it merely solicited an insight into the witness' motivation in tendering the money from the cash registers. In a prosecution for robbery, the motive of a victim in parting with an article of value is relevant to an essential element of the crime. See: *Jackson* v. *State* (1971), 257 Ind. 477, 275 N.E.2d 538; *Smith* v. *State* (1974), 160 Ind. App. 622, 312 N.E.2d 896. Motive may be proven by direct testimony of the party involved when motive is material to the issues of the case. See: 1 Jones on Evidence

(6th Ed. 1972), § 4:55, at 500-503; 29 Am. Jur.2d, Evidence, § 362, at 411-412. The trial court committed no error in overruling this objection.

During the redirect examination of Moore, the following exchange occurred:

"Q. And when you identified him in the police car, did you identify him because he was in the police car, or did you identify him because of the look that you had of him at the store?
"MR. GILROY: I'm going to object to that, Your Honor, that calls for a conclusion of his mind.
"THE COURT: Overruled. Answer the question.
"A. The way he looked, the way he was built."

Here, the question objected to requests that Moore state a fact concerning the basis for his identification of Starks at trial. Therefore, an objection on the ground that the question improperly calls for a conclusion is ill-founded. See: *Madison* v. *State* (1971), 256 Ind. 353, 269 N.E.2d 164.

In his brief, appellant asserts several other grounds for objection to this question. However, as none of these grounds were asserted at trial, they cannot be considered on appeal. See: *Ballard* v. *State* (1974), 262 Ind. 482, 318 N.E.2d 798; *Cooper* v. *State* (1972), 259 Ind. 107, 284 N.E.2d 799; *Smith* v. *State* (1974), 161 Ind. App. 461, 316 N.E.2d 463; *Hendley* v. *State* (1974), 160 Ind. App. 338, 311 N.E.2d 849.

No reversible error having been demonstrated, the judgment of conviction entered by the trial court is, therefore, affirmed.

Affirmed.

Staton, P.J., concurs; Garrard, J., concurs in result.