Jessie Lee TEAGUE, Appellant,

v.

STATE of Indiana, Appellee.

No. 581S150.

Supreme Court of Indiana.

Aug. 10, 1982.

Arnold Paul Baratz, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen G. Lucas, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of confinement and Criminal Deviate Conduct. He was sentenced to two terms of imprisonment, six years and twenty years respectively for the offenses. The sentences were ordered to be served concurrently.

Appellant's sole issue on appeal is whether the evidence was sufficient to support the verdicts. Appellant does not, however, dispute the occurrence of the crime but only his identification as the perpetrator of the offenses.

Under our standard of review, we do not weigh the evidence nor judge the credibility of witnesses. *Williams v. State*, (1980) Ind., 406 N.E.2d 241.

The victim, a male youth walking to school, was accosted by a man with a gun in the school parking lot. The man first requested money and then ordered the victim, S.B., to get into his automobile. The man drove S.B. to 1733 North Meridian Street, Indianapolis. The man still holding a gun unlocked the door, told S.B. to strip to his briefs and go into the bedroom. The man attempted to have anal intercourse with S.B. When he could not achieve penetration, the man instructed S.B. to apply a lubricant. After making some penetration, he ordered S.B. to dress. Subsequently S.B. was returned to school.

An Indianapolis Police Department Detective displayed a photographic array to S.B. S.B. selected appellant's photograph. The victim also described the color of appellant's automobile although failing to correctly name the model.

S.B. recalled the address of the apartment to which he had been driven as well as the general design of the interior of the dwelling. In court, S.B. positively identified appellant as the man who had confined and committed sexual deviate conduct on him. Appellant's apartment building address was 1733 North Meridian Street as S.B. properly recollected. A can of lubricant was retrieved by the detective from appellant's bedroom.

Appellant, by citing discrepancies between S.B.'s estimation and appellant's actual height and in the model of the appellant's car, is requesting that we reweigh the evidence of identification, which we refuse to do. A conviction for a sex offense may be sustained upon the sole, uncorroborated testimony of the victim. *Riddle v. State*, (1980) Ind., 402 N.E.2d 958. The evidence is sufficient to sustain the convictions.

The trial court is in all things affirmed.

All Justices concur.