Gregory Allen GOODMAN, Appellant,

v.

STATE of Indiana, Appellee.

No. 684 S 213.

Supreme Court of Indiana.

June 25, 1985.

Geoffrey A. Rivers, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Gregory Allen Goodman was found guilty by a jury in the Delaware Superior Court of the crime of criminal deviate conduct, a class B felony. He subsequently was sentenced by the trial judge to a term of twelve years imprisonment. Five issues are alleged and presented for our consideration in this direct appeal as follows:

1. overruling of Defendant's objection to a leading question;

2. overruling of Defendant's objection to interrogation of witness Schlegel on redirect examination;

3. denial of Defendant's motion for mistrial;

4. improper argument of prosecutor on final argument; and

5. sufficiency of the evidence.

L.C. testified during Defendant's trial that on November 28, 1982, at about 10:00 p.m., she left a friend's house on 12th Street in Muncie, Indiana, and began walking home. A dark, rusty brown car pulled up beside her and a man inside opened the door of the car, grabbed her arm and asked her if she needed a ride. He then pulled L.C. into the automobile and told her to shut the door which she did. They drove around for some time during which L.C. asked the man to take her home but he ignored her requests. The man later identified by L.C. as being Defendant Goodman then started making sexual advances toward her. When she tried to beep the horn of the car to attract the attention of other persons, he told her he had a knife and would kill her if she tried to do that again. Eventually the man took out his penis and forced her to perform fellatio on him. L.C. finally was able to escape by pinching his leg and opening the car door and rolling out of the car. She ran to a nearby residence and called the police.

I

Defendant first claims the trial court committed reversible error by permitting the victim to answer a certain question on direct examination over Defendant's objection that the question was leading. The victim testified as to conversations she had with Defendant as they drove around. Specifically, she said she asked him questions about his personal life, such as his age and where he went to school, and also made suggestions to him as to where he should take her and how he should release her. During these conversations, the victim testified that Defendant made sexual advances to her and she tried to explain to Defendant that she was not the kind of girl who would welcome such advances. Eventually, L.C. suggested that he take her out to the reservoir. There followed questions by the prosecutor about L.C.'s reasons for making this suggestion. L.C. responded by stating that she was trying to stall for time and an opportunity for escape by her continued conversations. She also stated that she had been instructed in school as to this procedure for situations such as the one in which she found herself. During additional questions regarding this subject, L.C. was asked: "Did you rely upon other

things that you learned in school in determining what you should do?" The trial court permitted L.C. to answer the question and she stated that she had been taught in school to try to reach the perpetrator by calm conversation and to await a chance for escape. Defendant objected that this question was leading but the trial court overruled this objection and permitted the answer. Defendant still claims this question was leading but also claims we should find it to be reversible error because the topic sought to be covered by the question was immaterial, irrelevant and a prejudicial, hearsay, evidentiary harpoon which assumed a sex crime or an attempted sex crime.

■ A defendant may not state one reason for an objection at trial and then rely upon another on appeal. When a defendant does not properly bring an objection to the trial court's attention so that the trial court may rule on it at the appropriate time, then he is deemed to have waived that possible error. *Phelan v. State*, (1980) 273 Ind. 542, 406 N.E.2d 237. Moreover, grounds for objection must be specific and any grounds not raised in the trial court are not available on appeal. *Brown v. State*, (1981) 275 Ind. 441, 417 N.E.2d 333. The only question preserved by Defendant, therefore, is whether or not the question asked of L.C. was improper as a leading question. A leading question is one that suggests to the witness the answer desired. It is one which embodies a material fact and admits of a conclusive answer in the form of a simple "yes" or "no". The mere mention of a subject to which a witness is desired to direct his or her attention, however, is not considered to be a suggestion of an answer. *DeHaven et al. v. DeHaven et al.*, (1881) 77 Ind. 236. Although this question did not take the form of an assertion of fact which the witness could verify by a yes or no, it inquired into the subject of L.C.'s reaction to Defendant which was pertinent to the charges and also showed that she resisted his advances. *Starks v. State*, (1975) 163 Ind.App. 639, 325 N.E.2d 855, *trans. denied.* The trial court did not

err in permitting the answer to the question.

## II

■ Defendant next contends that the trial court erred by overruling his objection to questions asked by the State on redirect examination of witness Schlegel. In his testimony, Police Officer Schlegel discussed what the victim told him about the incident involved. During Defendant's cross-examination, Defendant asked questions of Schlegel with regard to the victim's identity of Defendant. As a part of that cross-examination, Schlegel was asked whether he made a police report of what the victim had told him and, when he indicated that he had, Schlegel was asked to read a portion of that police report regarding the victim's description of her assailant. On redirect examination the State inquired of Schlegel about the description the victim had given him regarding the car that Defendant had been driving. Defendant objected to this question, claiming that it was outside the subject matter covered on cross-examination.

This Court has held:

"It is well-settled that the scope and extent of redirect examination is within the sound discretion of the trial court. *Dooley v. State*, (1981) Ind., 428 N.E.2d 1. Absent an abuse of discretion, the ruling of the trial court will not be disturbed. *Id.* In addition, the scope of redirect examination is to be directed to answering any new matter raised during cross-examination. Once a party raises a subject on cross-examination, it is permissible for the opposing party to pursue that subject on redirect examination. *Woodford v. State*, (1980) 273 Ind. 487, 405 N.E.2d 522. A defendant may not open an issue and have it closed at his convenience. *Fortson v. State*, (1978) 269 Ind. 161, 379 N.E.2d 147."

*Kalady v. State*, (1984) Ind., 462 N.E.2d 1299, 1309. In the instant case, both the cross-examination and redirect examination of Schlegel regarded Schlegel's testimony about descriptions of things that the victim

had made to him and which he included in his police report. The victim's identification of Defendant went to his personal identification and also to the vehicle he was driving. The trial court therefore did not err in finding that the subject matter of the question on redirect was a proper one.

### III

■ Defendant's trial counsel moved for a mistrial during the State's cross-examination of Defendant. The question before the witness at the time the objection and motion for mistrial was made concerned what Defendant told Officer Friedemaker about Defendant picking up a girl on 12th Street and taking her to Parker for the night. Defendant apparently tried to give the impression to the jury that he had told Friedemaker about picking up some other girl and spending the night with her while implying that that incident had been confused with the facts involving the victim here. No proper grounds for objection and certainly no grounds for mistrial were shown in that line of questioning as the record clearly shows that Defendant testified about that incident with the girl on 12th Street and about relating it to Friedemaker in his direct testimony. It clearly was proper for the State to go into it on cross-examination.

■ Defendant also made a broad objection and motion for mistrial claiming that the State had repeatedly referred to his motion *in limine* before the jury somehow implying that there was some secret evidence that they were not permitted to bring to the jury. The question about the girl on 12th Street before the witness when the objection was made certainly did not fall into this category. The only statement made by the prosecutor in the nature complained of by Defendant was at one point where the prosecutor said in response to an objection: "That is not correct. In light of the court's order we could not—", to which the trial court immediately ruled: "Objections overruled, go ahead." This statement does not rise to the level of disclosing to the jury that there is some secret evidence that the State desired, but was forbidden, to bring out. It furthermore did not reveal the subject matter of Defendant's *limine* order since the subject of that order was Defendant's prior crimes. The subject under discussion by the State, of course, was the activity of Defendant with the girl on 12th Street which did not involve a prior crime. The trial court therefore properly overruled the objection and denied the motion for mistrial.

### IV

■ During the State's final argument, Defendant objected to the prosecutor's reference to the alibi testimony of family members as a conspiracy. He claimed these words were tantamount to the prosecutor expressing an opinion as to the credibility of those witnesses implying that he had some information not before the jury that should cause them to reject all of that testimony. The trial court overruled Defendant's objection to these remarks. The record shows that Defendant himself in final argument used the word conspiracy when referring to his alibi witnesses and invited the jury to speculate as to whether they had engaged in a gigantic conspiracy to tell the alibi that they did. In response, the prosecutor discussed with the jury the credibility of all the witnesses and asked them to consider who was telling the truth in this case: the victim and the other State's witnesses or Defendant and his alibi witnesses, all of whom were family members. The prosecutor also asked the jury to consider that perhaps there was a conspiracy by the family to achieve a not guilty verdict for Defendant. The prosecutor is entitled to respond to allegations and inferences made by defense counsel during the latter's closing argument. *Marshall v. State,* (1982) Ind., 438 N.E.2d 986. Furthermore, this appeared to be fair comment made by the prosecuting attorney in discussing the testimony of the witnesses and the credibility to be assigned to their testi-

mony. The trial court properly ruled on this matter.

## V

■ Finally, Defendant claims that there was insufficient evidence introduced at trial to sustain the jury's verdict finding him guilty of criminal deviate conduct. His particular claim is that there was no evidence that there was oral-genital contact since the victim's testimony was: "He put his thing in my mouth." Defendant now claims that "thing" can be anything and did not refer to a sex organ of one person in the mouth of another. The actual language of the victim in her testimony was:

> "And uh, he just kind of rolled around, but he did face the direction we was going, but while he was doing that he pulled out his penis, and he said all I want is a blow job. You give me a blow job and I'll take you home. And at that time, he grabbed my hand and he pushed me down on him, and he said, and he had me down on him, and he said just put it in further and he put my, he put his thing in my mouth and he uh, he uh, and then he said, he was just rolling and he just said, well, you could go a little bit faster, and so he started going a little bit faster and I said well,"

It is clear in this testimony what the "thing" was the witness was referring to and it clearly was sufficient to establish oral-genital contact. There therefore was sufficient direct and probative evidence before the jury to support their conclusion that Defendant was guilty beyond a reasonable doubt. *See Teague v. State*, (1982) Ind., 437 N.E.2d 1335; *Gatewood v. State*, (1982) Ind., 430 N.E.2d 781.

Finding no error, we affirm the trial court.

GIVAN, C.J., and DeBRULER and PRENTICE, JJ., concur.

HUNTER, J., not participating.