**Jose RENTAS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 45A03–8705–CR–137.

Court of Appeals of Indiana, Third District.

Feb. 15, 1988.

Scott King, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

■ Jose M. Rentas was convicted by a jury of dealing in a narcotic drug,[1] a class B felony. He was sentenced to a term of eight years, with four years suspended. Upon his release, he is to be given two years' probation.[2] Rentas raises two issues on review. Restated, they are:

1. Whether he was denied the effective assistance of trial counsel.

2. Whether the trial court abused its discretion by failing to declare a mistrial during the State's questioning of Police Officer Horvath.[3]

---

1. IC 1976 35–48–4–1(1) (Burns Code Ed., Supp. 1987).

2. IC 1976 35–50–2–5 (Burns Code Ed., 1985 Repl.).

3. Neither of these issues were preserved in the Motion to Correct Errors. Ordinarily, when an issue is not preserved in the Motion to Correct Errors, it is not properly before the appellate court and will not be addressed. Ind.Rules of

Procedure, Appellate Rule 8.3(A)(7). However, the defendant's trial counsel prepared and filed the Motion to Correct Errors in this case and could hardly have been expected to raise the first issue—that of his own ineffective assistance of counsel. As to the second issue, Rentas is contending that his trial counsel rendered ineffective assistance precisely because he failed to preserve the issue of mistrial in the Motion to

Affirmed.

During the redirect examination of State's witness, Officer Horvath, the following exchange was made:

Q. Mr. Randolph made a big deal about it was your idea or the three officers' idea to go after this person, do you just pick anybody on the street, Officer?

A. No, maam.

MR. RANDOLPH:

Objection, Your Honor, that's an open ended question.

THE COURT:

It was answered in one word. No maam was his response. Put your next question.

MS. REYNA:

Q. Officer, how was it that you came to determine or to select Jose Rentas in order, or why was he a target on that particular day?

A. He's a known drug dealer to us.

MR. RANDOLPH:

Objection, Your Honor. Your Honor, that's prejudicial information. Based upon that, Your Honor, I move for a mistrial.

THE COURT:

The objection is sustained. The Motion for Mistrial is denied. The jury will disregard the last answer. It is a conclusion.

MS. REYNA:

Q. However, you did not just go point to anybody and decide to target them?

MR. RANDOLPH:

Objection, Your Honor, she's leading down the same path.

THE COURT:

Objection sustained.

MS. REYNA:

Q. Do you target somebody based on information, Officer?

MR. RANDOLPH:

Objection, Your Honor.

THE COURT:

What is your objection?

MR. RANDOLPH:

Same thing, Your Honor.

THE COURT:

Objection is overruled, you may answer.

MS. REYNA:

Q. Do you target an individual based on information you receive?

A. Yes, we do.

Q. So, you had no vendetta against Mr. Rentas on this date, you didn't go after him [f]or no reason at all?

MR. RANDOLPH:

Objection, Your Honor, she's leading the witness.

THE COURT:

Objection sustained.

MS. REYNA:

Q. Is there any reason that you would go after Mr. Rentas, Officer?

MR. RANDOLPH:

Objection again, Your Honor. Leading question.

THE COURT:

It's not leading, it does allow for some rather general statements. I'll sustain the objection.

Record at 227–30.

## I.

### Effective Assistance of Counsel

■ When a claim of ineffective assistance of counsel is raised, we look to the following:

"A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial who's result is reliable. Unless a defendant makes both showings, it can-

Correct Errors. Thus, we will exercise our dis-
cretion and address both issues.

not be said that the convictions or death sentence resulted from a breakdown in the adversary process that renders the result unreliable."

*Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674. In determining whether prejudice resulted from counsel's errors, the question to be answered is whether there is a "reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695, 104 S.Ct. at 2068–69.

Rentas first contends that his trial counsel was ineffective because he failed to renew the Motion for Mistrial made during the questioning of Officer Horvath and because he failed to preserve the issue in the Motion to Correct Errors.

■ However, while the trial judge denied the Motion for Mistrial, he sustained the objections properly made by trial counsel and admonished the jury to disregard Officer Horvath's statement that "He's a known drug dealer to us." A prompt admonition to the jury is presumed to cure any errors in the admission of evidence. *English v. State* (1985), Ind., 485 N.E.2d 93, 96. When a jury is admonished to disregard what has occurred or if other reasonable curative measures are taken, the refusal to grant a mistrial will not be reversible error unless it can be shown that irreversible prejudice has resulted. *Boyd v. State* (1986), Ind., 494 N.E.2d 284, 294, *cert. denied,* — U.S. —, 107 S.Ct. 910, 93 L.Ed.2d 860.

■ Thus, here, even had Rentas shown that his trial counsel's performance was deficient, he did not show that such performance prejudiced his defense. Indeed, Rentas was charged with two counts of dealing in a narcotic drug—yet, the jury acquitted him of the first count. If trial counsel's performance did not prejudice the jury's verdict as to count I, it could not have prejudiced the jury's verdict as to count II.

■ Further, trial counsel's failure to include the issue in the Motion to Correct Errors does not constitute ineffective assistance of counsel. The decision on what areas to raise in a Motion to Correct Errors is a matter of trial strategy and is insufficient to establish ineffective assistance of counsel. *Coble v. State* (1985), Ind., 476 N.E.2d 102, 107.[4]

■ Rentas next contends that his trial counsel was ineffective for having called as a defense witness the confidential informant who assisted the police in the investigation of Rentas. He also contends that trial counsel was ineffective for having failed to object to the confidential informant's testimony regarding prior drug transactions involving Rentas. The decision whether to call a particular witness is a matter within the trial counsel's strategy. *Grigsby v. State* (1987), Ind., 503 N.E.2d 394, 397.

■ Here, trial counsel had raised the defense of entrapment. Eliciting the testimony of the confidential informant was clearly an attempt to establish this defense by showing that the confidential informant improperly induced Rentas to commit the crimes with which he was charged. Trial counsel's failure to object to certain parts of the confidential informant's testimony does not constitute ineffective assistance of counsel. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffective assistance of counsel. *Elliott v. State* (1984), Ind., 465 N.E.2d 707, 710.

Thus, Rentas has not established that he was denied the effective assistance of counsel.

## II.
### Trial Court's Discretion

Rentas contends that the trial court committed fundamental error by denying his

---

4. Rentas also contends that he received ineffective assistance of counsel since the Motion to Correct Errors filed by his trial counsel was inadequate in other respects—he contends that none of the allegations of error are supported by the evidence in the record or by Indiana case law. As stated above, the decision on what to include in a Motion to Correct Errors is a matter of trial strategy and is insufficient to establish ineffective assistance of counsel. *Id.*

Motion for Mistrial and by not *sua sponte* declaring a mistrial during the State's redirect examination of Officer Horvath. He contends that only a mistrial could have cured the prejudice that resulted from Officer Horvath's statement that Rentas was a "known drug dealer."

■ The granting of a mistrial lies within the sound discretion of the trial court and its determination will be reversed only where an abuse of that discretion can be established. *Didio v. State* (1984), Ind., 471 N.E.2d 1117, 1121. To prevail, the defendant must show that he was placed in a position of grave peril to which he should not have been subjected. *Wagner v. State* (1985), Ind., 474 N.E.2d 476, 489.

■ Whether a defendant has been subjected to grave peril is determined by the probable persuasive effect of the testimony on the jury's decision and this determination is to be made by the trial judge in considering a motion for mistrial. *Woodford v. State* (1980), 273 Ind. 487, 405 N.E.2d 522, 525. Here, the trial court promptly granted the defendant's objection to Officer Horvath's statement and admonished the jury to disregard it. The court also granted further objections made by the defendant. These actions were sufficient curative measures to quell any prejudice which may have arisen. However, Rentas has shown no prejudice resulting from the court's refusal to declare a mistrial. Rentas was charged with two counts of dealing in a narcotic drug. However, the jury acquitted him of the first count. If the trial court's refusal to grant a mistrial did not prejudice the jury's verdict as to count I, its refusal could not have prejudiced the jury's verdict as to count II.

Thus, Rentas has not shown that the trial court abused its discretion by failing to declare a mistrial.

Affirmed.

RATLIFF, C.J., and HOFFMAN, J., concur.