Robert ADAMOV, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 45S00–8803–CR–333.

Supreme Court of Indiana.

April 3, 1989.

Scott L. King, Gary, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

A jury found Robert Adamov guilty of dealing in a narcotic drug of more than three grams, a class A felony. Ind.Code § 35–48–4–1(2) (Burns 1985 Repl.). They also found he was an habitual offender. Ind.Code § 35–50–2–8 (Burns 1985 Repl.). The trial court sentenced Adamov to 70 years in prison. Adamov appeals, and we affirm.

In October 1986, police received information from a confidential informant about a heroin dealer working out of a basement in East Chicago. The police entered the basement and saw Adamov with three to six other people in the room. When Adamov saw the police, he immediately rose from his chair near a coffee table and threw a plastic bag to his left.

The police recovered the bag. It contained 37 balloons, some of which had spilled from the bag when Adamov threw it. The balloons contained heroin wrapped in tin foil. Each balloon contained one-tenth to two-tenths of a gram of heroin. The total weight of the heroin was in excess of three grams. An expert on illegal narcotics activities testified that the value of the 37 balloons containing heroin was $555. The expert also testified that, in his experience, he had heard of heroin users consuming up to $250 of heroin a day.

Police arrested Adamov and found $510.20 in his possession. Police also

found three $20 bills on the floor near Adamov's chair along with syringes and "cooking caps." They recovered a .22 caliber revolver from the chair in which Adamov had been seated.

After Adamov and the other suspects were arrested and removed, police arrested more than 15 additional people who knocked on the basement door and uttered a type of code. Each person who did so was arrested for visiting a common nuisance.

Adamov raises four issues in this direct appeal:

I.   Whether the evidence was sufficient to convict Adamov on the element of intent to deliver;

II.  Whether the trial court erred in failing to order the State to disclose the identity of its confidential informant;

III. Whether the trial court erred in failing to declare a mistrial when a witness characterized those arriving after the arrest as coming to "make their purchases"; and,

IV.  Whether the evidence was sufficient evidence to find Adamov was an habitual offender?

## I. *Intent to Deliver*

■ Adamov argues that the evidence failed to support a reasonable inference that he possessed the drugs "with intent to deliver," such an intent being an element of the crime under Ind.Code § 35–48–4–1(2). Specifically, Adamov asserts that the quantity of drugs in his possession was not great enough to permit the necessary inference. He also argues that additional facts in evidence had no probative value and prejudiced his defense. Those facts are: Adamov was seated in the only chair in the room in front of a table with other people standing nearby; money was found in his possession ($570.20) and on the floor (three $20 bills); some syringes and "cooking caps" were on the floor; a gun was found in the chair Adamov occupied.

The statute under which Adamov was charged reads:

A person who: (2) [p]ossesses, *with intent to ... deliver ...* a narcotic drug, pure or adulterated, classified in schedule I ... commits dealing in ... a narcotic drug ... a class A felony if the amount of the drug involved weighs three (3) grams or more.... Ind. Code § 35–48–4–1 (Emphasis added.)

In any review for sufficiency, we do not reweigh the evidence or judge the credibility of witnesses. We consider only the evidence most favorable to the verdict and any reasonable inferences which may be drawn from that evidence. When substantial evidence of probative value supports the verdict, the finding of the trier of fact will not be disturbed. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

For purposes of review on this particular element, circumstantial evidence of possession with intent to deliver may support the conviction. The possession of a large amount of narcotics is circumstantial evidence of intent to deliver. The more narcotics a defendant possessed, the stronger the inference that he intended it for delivery and not for personal consumption. *See Mason v. State* (1989), Ind., 532 N.E.2d 1169 (review for sufficiency on element of intent to deliver in Ind.Code § 35–48–4–2).

The evidence presented was sufficient to support a reasonable inference of guilt on the element of intent to deliver. The heroin in Adamov's possession was valued at $555, was in excess of three grams, and was in 37 balloons, each containing one-tenth to two-tenths of a gram. In *Mason,* this Court held the evidence sufficient where the defendant possessed $375 worth of a narcotic, which weighed slightly more than three grams and was contained in 30 separate packets. The Court in *Mason* also reviewed other circumstantial evidence, which was similar to the evidence in the case at bar. Any further evaluation of this evidence, as the appellant urges us to do, would merely be reweighing the evidence.

## II. *Disclosure of Confidential Informant*

■ Adamov asserts that the trial court erred by failing to order the State to disclose the identity of its confidential infor-

mant. Adamov submits that he met this Court's test for compelling disclosure.

Prior to the raid on the basement, the informant told the police that Adamov sold him a balloon containing heroin in that basement. Adamov asserts that the confidential informant may have testifed that he did not know Adamov and, therefore, misidentified Adamov as the seller. Adamov also states that the confidential informant may have testified that Adamov was not present when he purchased the balloon or that he observed Adamov as a customer rather than a seller. Adamov asserts that the confidential informant's involvement in this case, especially as an eyewitness, was far more than the involvement of the informants in the analogous cases of *Brafford v. State* (1987), Ind., 516 N.E.2d 45, and *Lewandowski v. State* (1979), 271 Ind. 4, 389 N.E.2d 706. Adamov also argues that the confidential informant was the "sole potential source of significant, exculpatory evidence." We disagree.

Initially, we note that none of the evidence presented at trial was directly gained from the confidential informant. The informant only pointed the police officers to the correct location. Once the police went to that location, they gained independent evidence to convict Adamov. None of the hypothetical testimony offered by Adamov could change the existence of the evidence presented.

■ The general rule in Indiana prevents disclosure of the identity of a confidential informant, unless the defense can prove the necessity of such a disclosure. *Brafford*, 516 N.E.2d at 48. The defense has the burden of proving that disclosure is relevant and helpful to the defense or is necessary to a fair trial. *Id.*

Adamov merely speculates about potential testimony from the confidential informant without offering any proof. Furthermore, his assertion that the confidential informant is the "sole potential source of significant, exculpatory evidence" is wrong. When Adamov was arrested, others were present. These people could have possibly testified to the same facts to which Adamov asserts *only* the confiden-

tial informant could testify. Appellant presents no argument whatsoever on why these people could not or would not testify to these alleged exculpatory facts. Thus, Adamov fails to meet the standard to compel the State to disclose the identity of the confidential informant.

### III. *Declaring a Mistrial*

Adamov argues that the trial court erred by failing to declare a mistrial. During direct examination, State's witness Dennis Berkowicz volunteered that individuals coming to the scene after Adamov's arrest did so "... to come in, make their purchases." Adamov contends that the court erred by failing to declare a mistrial because of this testimony.

The trial court granted Adamov's motion to strike this testimony and further admonished the jury to disregard Berkowicz's conclusory statement. The court denied Adamov's motion for mistrial.

■ To find error here, we would have to conclude that the trial court abused its discretion in denying the motion for mistrial. *Hill v. State* (1986), Ind., 497 N.E.2d 1061. Adamov must show that Berkowicz's statement placed Adamov in a position of grave peril to which he should not have been subjected. *Wagner v. State* (1985), Ind., 474 N.E.2d 476. Whether a defendant has been subjected to grave peril is determined by the probable persuasive effect of the testimony on the jury's decision. *Woodford v. State* (1980), 273 Ind. 487, 405 N.E.2d 522. In addition, declaring a mistrial is an extreme action, one warranted only when no other action can be expected to remedy the situation. *Didio v. State* (1984), Ind., 471 N.E.2d 1117.

■ The trial judge was within his discretion in denying the motion for mistrial. The statement by Berkowicz was a conclusion that a reasonable juror could have easily reached independently. An abundance of evidence led to the conclusion Berkowicz wrongly offered. Therefore, the probable persuasive effect on the jury's decision was very minimal, if it had any effect whatsoever. We find no error here, especially considering the trial court's re-

medial measures of granting the motion to strike and admonishing the jury on this issue.

### IV. *Habitual Offender Evidence*

 Adamov argues that the evidence was insufficient to prove him to be an habitual offender. He asserts that the State failed to prove he committed, was convicted and was sentenced for two unrelated felonies prior to committing the offense being prosecuted, as required by Ind. Code § 35–50–2–8 (Burns 1985 Repl.). *Miller v. State* (1981), 275 Ind. 454, 417 N.E.2d 339. Specifically, Adamov contends that exhibits eight and nine failed to sufficiently prove Adamov was sentenced for the burglary conviction in Illinois prior to his commission of the offense at bar. Further, he argues that the exhibits were insufficient to prove he was convicted of a felony in the Illinois burglary case. While the State's evidence proving Adamov's prior convictions was not a model, it was sufficient.

As for whether Adamov's Illinois conviction was a felony, the State provided an order book entry from Adamov's case there, number 86 INF 15060, dated January 10, 1986, that shows he was sentenced to two years of probation. The State also entered a document titled "ORDER OF SENTENCE AND COMMITMENT TO ILLINOIS DEPARTMENT OF CORRECTIONS," number 8615060, dated April 2, 1987. It shows Adamov received "3 years IDOC," apparently as the result of revocation of his probation. A sentence of more than one year is sufficient evidence to prove the conviction was a felony. Ind. Code § 35–50–2–1(b) (Burns 1985 Repl.). *See Shelton v. State* (1986), Ind., 490 N.E. 2d 738.

Adamov argues that the State failed to prove that his conviction and sentencing in Illinois preceded the offense in this case solely on the April 2, 1987, document. This argument succeeds only if the January 10, 1986, document is ignored.

Viewed in a light favorable to the judgment, the evidence shows that Adamov was sentenced to probation in Illinois in January 1986, committed the instant offense on October 6, 1986, and suffered a revocation of his probation in Illinois in April 1987. Adamov's two challenges to the evidence, one based on whether the Illinois offense was a felony and the other on the order of the events, both fail.

We affirm the trial court.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.