Dave SCHLOMER, Appellant,

v.

STATE of Indiana, Appellee.

No. 42S00–9006–CR–412.

Supreme Court of Indiana.

Nov. 7, 1991.

John D. Clouse, John P. Brinson, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Dealing in Cocaine in Excess of Three Grams, Count I; Dealing in Cocaine in Excess of Three Grams, Count III; and Maintaining a Common Nuisance, Count IV. He also was found to be a habitual offender. The court granted appellant's motion for judgment on the evidence as to Count II, Maintaining a Common Nuisance. Appellant was sentenced to a total of seventy (70) years on Count I, forty (40) years plus an enhancement of thirty (30) years, forty (40) years on Count III, and four (4) years on Count IV, all sentences to be served concurrently.

The facts are: In April, 1989, Indiana State Police officer Richard McGee, assigned to the Wabash Valley Drug Task Force, was directed by Officer Holt to investigate appellant's activities. A confidential informant assisted McGee in arranging meetings with appellant. On April 13, 1990, McGee spoke with appellant on the telephone and arranged a meeting that day. At the meeting, McGee gave appellant $2,200 for 1.5 ounces of cocaine. Pending delivery of the cocaine, appellant gave McGee the title to an automobile as collateral for the money. On April 14, 1989, McGee and the confidential informant drove to appellant's trailer. They were directed to a nearby empty field to wait. When appellant arrived, he gave McGee 40.544 grams of cocaine.

On April 27, 1989, McGee and the informant drove to appellant's trailer. McGee gave appellant $1,500 as prepayment for one ounce of cocaine. On April 30, 1989, McGee and the informant drove to appellant's trailer. Once there, they waited inside for appellant. McGee testified that when appellant arrived, he was brandishing a gun and appeared to be agitated. McGee testified that he asked the confidential informant if appellant's actions meant the deal was off. The confidential informant followed appellant to the back room of the trailer. The informant returned shortly and indicated that appellant had the cocaine. McGee went into the back room

where appellant delivered a bag containing 26.72 grams of cocaine.

During the habitual offender phase of the trial, certified copies of the convictions of David J. Schlomer in Knox Superior Court, Cause Numbers SCR76–43 and SCR81–37, were admitted in evidence. Leslie Chanley, a former Vincennes Police Officer, had filed a charge against a David J. Schlomer for robbery in 1976. He identified appellant as David Schlomer. Edward Wessell, a fingerprint expert, compared the fingerprints included in the records of the SCR81–37 conviction and commitment with prints known to be appellant's and concluded that the prints were from the same person.

On direct examination, McGee testified that the confidential informant did not handle the money used to purchase cocaine or the cocaine. The transactions between appellant and McGee were hand-to-hand buys. On cross-examination, McGee stated that the confidential informant's presence during the transactions was necessary because the informant was acquainted with appellant and the locations where the transactions occurred.

Tracy Schlomer and Robert Carrie, witnesses for the defense, testified that they were present at the April 30 transaction, that the informant and appellant were the only ones who went to the back room, and that the informant spent a long time in that room before rejoining McGee in the living room. They further testified that at that point McGee and the informant left appellant's trailer. Carrie testified that he also was present on April 14 and that appellant did not deliver cocaine to McGee.

The trial court granted the State's motion in limine regarding disclosure of the confidential informant's identity. On at least two occasions during appellant's direct examination of Carrie, he violated that motion in limine by referring to the informant's name.

Prior to trial, appellant filed a motion to compel disclosure of the identity and location of the confidential informant. The trial court denied the motion. McGee testi-

fied that he was unaware of the informant's whereabouts at the time of trial.

Holt testified on cross-examination that he did not know the specific whereabouts of the informant at the time of trial but that he could probably find the informant if he made an attempt. Holt testified that it was his understanding that the court had already dealt with the issue of disclosing the location of the informant, and that he would not make that disclosure at the time of trial without a court order directing him to do so. Holt further testified that the informant had been advised prior to the transactions that he would not have to testify at trial if the transactions were hand-to-hand buys as opposed to controlled buys. Holt indicated that the informant was afraid of appellant because of threats made by appellant against him.

■ Appellant admits that he was aware of the identity of the informant but contends that the identity of the informant should have been disclosed to the jury. Appellant contends that the informant's testimony is material because of the informant's presence and participation in the drug transactions.

Appellant argued in his motion to compel disclosure that he was harmed because the informant's testimony could aid in proving the defense of entrapment. Appellant also speculated that the informant's testimony could have proven that there was no delivery to McGee. Appellant argued that the State had no paramount interest in nondisclosure of the informant's identity and location, and that the State wished to deny appellant access to exculpatory information known only by the informant. Appellant now argues that the court was in error in denying his motion.

Holt testified that there were several reasons why he would not disclose the identity and location of the informant. First, Holt had promised the informant that he would try to protect his identity. The transactions were purposely structured so that the informant was merely an introductory tool, not an active participant, so he would not have to testify if the matter went to trial. Second, Holt testified that

the informant's safety was in question. The State introduced evidence that appellant had made threats against both McGee and the informant.

■ The general policy is to prevent disclosure of an informant's identity unless the defendant can demonstrate that disclosure is relevant and helpful to his defense or is necessary for a fair trial. *Mengon v. State* (1987), Ind., 505 N.E.2d 788. The burden rests with the defendant to demonstrate his need for disclosure. *Id.* The trial court had before it evidence that the defense knew the identity of the informant. There was evidence that the informant's safety was in danger. The trial court did not abuse its discretion in denying the motion to compel.

None of the evidence presented at trial was obtained directly from the informant. Appellant put two witnesses on the stand who testified that appellant and McGee did not make a transaction on either occasion. At that point it was, as appellant concedes, a credibility issue. The credibility of witnesses and the weight given to their testimony is for the trier of fact. *Tiller v. State* (1989), Ind., 541 N.E.2d 885.

■ The defense witnesses were present on the dates of the transactions and testified that they were in a position to see everything that transpired. Given the fact that the informant's degree of participation was that of an introductory tool, his testimony could not have produced any exculpatory material not already in evidence. *See Adamov v. State* (1989), Ind., 536 N.E.2d 281. Disclosure of the informant's identity is not necessary where the officer carries out the transaction and the informant is not an active participant. *See Fundukian v. State* (1988), Ind., 523 N.E.2d 417.

Appellant's right to a fair trial was protected by way of the final instructions to the jury. The jury was instructed that just because the State's key witness was a police officer it did not mean that his testimony deserved greater weight. They were instructed that nothing the judge said during the course of the trial was intended to suggest a verdict, that the State could have produced the informant to testify at trial,

and that the State's failure to call the informant as a witness could give rise to the inference that his or her testimony would be unfavorable to the State.

Appellant has failed to demonstrate how disclosure of the confidential informant's identity or location would have been relevant or helpful to the defense or the fairness of the trial. We see no error in the trial court's denial of appellant's motion to compel disclosure.

■ Appellant further contends that the trial court committed error when it allowed testimony that the motion to compel disclosure had been overruled. On cross-examination of Holt, appellant asked Holt if he would assist the defense by revealing in court the present location of the informant. Holt testified that he would not do so unless directed by the court because he believed that the court had already addressed the issue.

Appellant claims now that Holt's testimony during redirect examination was irrelevant and prejudicial. Holt testified that he was aware of appellant's attempts to force disclosure of the informant's name and location, and that it was his understanding that the trial court had denied the motion. Appellant contends that he was denied the right to a fair trial because allowing that testimony gave the trial judge the appearance of favoritism toward the State's cause.

■ The scope of redirect is limited to matters presented on cross-examination. *May v. State* (1986), Ind., 502 N.E.2d 96. The State may address an issue on redirect to avoid a false or misleading impression. *Kimble v. State* (1983), Ind., 451 N.E.2d 302. The impression after Holt's testimony on cross-examination was that Holt was not willing to aid the appellant. The State clarified by showing that the officer did not want to violate the court order. Holt was not trying to hide evidence from the appellant or trying to thwart his attempts to defend himself. We can see no error in allowing the testimony on redirect after appellant had opened the door on cross-examination.

■ Appellant contends that the trial court erred in overruling appellant's motions for mistrial after evidence of appellant's bad character or prior bad acts was adduced.

During the direct examination of McGee, this testimony was given:

"Q: What, in [sic] anything did Detective Holt advise you of in terms of trying to make a case against Mr. Schlomer?

A: Dennis ... Sergeant Holt had a ... quite a few suspected drug dealers in the Knox County area that he was concerned with. It was kind of a pyramid effect. It started...."

Appellant objected to that testimony. The trial court sustained appellant's hearsay objection, but denied appellant's motion for mistrial.

During cross-examination of McGee he testified:

"Q: Did you have a conversation with Detective Holt about David Schlomer in January of 1989?

A: Yes.

Q: When did Detective Holt tell you, if ever, that you were assigned to make a case against David Schlomer?

A: Sergeant Holt had several names of people in January that he brought up that were ... he said, were alleged drug dealers in this area."

Appellant objected stating that the answer given was unresponsive. That objection was sustained. The motion for mistrial was denied.

Appellant argues that the testimony above suggested to the jury that appellant was a drug dealer. Appellant claims that the trial court erred when it denied appellant's motions for mistrial on those two occasions.

■ Mistrial is an extreme remedy in a criminal case which should be granted only when nothing else can rectify a situation. *Szpyrka v. State* (1990), Ind., 550 N.E.2d 316. The trial court has discretion in determining whether to grant a mistrial, and the decision is afforded great deference on appeal because the trial court is in the best position to gauge the surrounding circumstances of the event and its impact on the jury. *Gregory v. State* (1989), Ind., 540 N.E.2d 585. To prevail on appeal, appellant must show that he was so prejudiced that he was placed in a position of grave peril to which he should not have been subjected. *Id.* Whether appellant has been subjected to "great peril" so as to be entitled to a mistrial is determined by the probable persuasive effect of the testimony on the jury's decision, and such determination is to be made by the trial judge. *Pitman v. State* (1989), Ind., 547 N.E.2d 805.

■ Generally, admission of evidence of prior criminal history is error. *Coleman v. State* (1986), Ind., 490 N.E.2d 325. In the case at bar, reference to appellant's prior misconduct was fragmentary at best. McGee's testimony was offered as background information as to how he became involved in the investigation of appellant. *See Sharp v. State* (1989), Ind., 534 N.E.2d 708, *cert. denied,* — U.S. —, 110 S.Ct. 1481, 108 L.Ed.2d 617; *Swafford v. State* (1986), Ind., 498 N.E.2d 1188. On both occasions, appellant's objections were sustained. The trial judge also instructed the jurors to disregard McGee's statement on direct examination.

Given the strength of the evidence against appellant, the probable persuasive effect of the testimony on the jury's decision is minimal. *See Rentas v. State* (1988), Ind.App., 519 N.E.2d 162.

■ Appellant also cross-examined McGee regarding the confidential informant. McGee stated that he did not believe that the informant had ever been in prison. This is what transpired:

"Q: On page 32 of your deposition, do you remember me asking you the question, do you know anything about the criminal record of the confidential informant? And you answered, I heard at that time ... all I knew ... he had been in prison or they thought he was in prison. And I asked you, they thought he had been in prison? And you answered, yes. Is that a correct

statement of what your deposition said?

A: Yes. I have to apologize about that. I thought you were talking about the defendant.

Q: Oh.

A: Because I read that later too."

The defense moved for a mistrial because of the reference to appellant having been in prison. The motion was denied and the trial court admonished the jury. Appellant contends the denial of the motion was error.

Usually an admonishment to the jury is considered adequately curative and will support the trial judge in his denial of a motion for mistrial. *Underwood v. State* (1989), Ind., 535 N.E.2d 507, *cert. denied,* 493 U.S. 900, 110 S.Ct. 257, 107 L.Ed.2d 206, *reh'g denied,* 493 U.S. 985, 110 S.Ct. 524, 107 L.Ed.2d 524. In the present case, the challenged testimony on direct and cross-examination was offered as background information. Any reference to appellant's prior criminal history was offered inadvertently by the witness and not deliberately elicited by the State. *See Moore v. State* (1990), Ind.App., 551 N.E.2d 459. There was overwhelming evidence to convict appellant. McGee's testimony was harmless in that it was inadvertent and the jury was admonished.

Appellant further challenges the trial court's denial of his motion for mistrial during direct examination of Holt. The prosecutor asked:

"Q: Did Detective McGee or Detective Lewis have any knowledge or suspicions with regard to the defendant, Mr. Schlomer?"

Appellant made a hearsay objection at that point which was sustained by the trial court.

The prosecutor asked Holt how appellant came to his attention. Holt replied that he had received "complaints from the general public." Appellant moved for a mistrial on the basis that the State had repeatedly attempted to introduce evidence of appellant's reputation. The State argued that the testimony established appellant's predisposition to sell drugs and was necessary to counter the defense of entrapment. The trial court sustained the objection, denied the motion for mistrial, and admonished the jury.

Appellant has not demonstrated prejudice in any of the above instances which was not immediately remedied by the court by way of admonishing the jury or sustaining objections.

Appellant next contends that the trial court erred by denying appellant's motions for mistrial which were based on prosecutorial misconduct during opening and final arguments. To judge whether defendant was denied a fair trial by alleged acts of misconduct by the prosecutor, it must be determined whether the prosecutor's actions in fact were misconduct and whether those actions subjected defendant to grave peril to which defendant would not otherwise have been subjected. *Smith v. State* (1987), Ind., 502 N.E.2d 485. When determining whether prosecutorial misconduct was so grave as to warrant a mistrial, the court considers the probable persuasive effect of misconduct on the jury's decision, not the degree of impropriety of the conduct. *Andrews v. State* (1989), Ind., 536 N.E.2d 507.

In his opening statement the prosecutor stated:

"Now one of the things, again, that the task force does, though, that even though Detective Holt may be fairly well known by the people who are in the drug trade in Knox County, Detective Holt does sort of keep his ear to the ground. What Detective Holt's job is, among other things, is to keep an ear to the ground. . . .

Well, what I'm getting at is that Detective Holt occasionally receives information and that's part of his job, that someone may be dealing drugs. Now, in this case Detective Holt had received information that David Schlomer was engaged in dealing cocaine."

Appellant made a hearsay objection and moved for a mistrial. The trial court overruled the objection and denied the motion

for mistrial. Appellant claims that this was error.

The trial court did not err in overruling the objection. Hearsay is an out-of-court statement offered to prove the truth of facts asserted therein and, thus, rests on the credibility of a declarant who is not in court and is unavailable for cross-examination. *Hughes v. State* (1989), Ind., 546 N.E.2d 1203. The above statements are not hearsay. The prosecutor indicated to the jury how the investigation of appellant began. We have held that such statements do not constitute hearsay when they are offered in that manner and are not offered to prove the truth of the matter asserted in the statement. *See Daniel v. State* (1988), Ind., 526 N.E.2d 1157.

Holt testified at trial and was subjected to a thorough cross-examination by appellant. The trial court also instructed the jury that opening statements should only be treated as a preview of what attorneys expect will be admitted into evidence and are not to be considered as evidence. The trial court did not err in overruling appellant's objection nor did it err in denying the motion for mistrial.

■■■ The next statement challenged by appellant occurred during the prosecutor's rebuttal to appellant's final argument. The prosecutor stated:

"Ladies and gentlemen, we've put on as good a case as we can and it's a pretty good case. It's not a perfect case, I'm not going to tell you that, but it's a strong case. On the essential elements that the defendant is charged there's not been a lot of controversy from the defendant. We've talked about military uniforms, we've talked about money, grain elevators. Those are subsidiary matters. Detective McGee got confused. I'm not gonna say Detective McGee is ever gonna be a brain surgeon or a rocket scientist, but I believe Detective McGee when he tell us what happened...."

Appellant objected on the basis that the prosecutor offered his opinion regarding the credibility of a witness. The prosecutor withdrew his opinion, and the court instructed the jury to disregard the prosecutor's statement.

The prosecutor further stated:

"I apologize. My opinion doesn't matter, it's your opinion that matters. We've all done our job. You go back and weigh the evidence, you do your job and convict Mr. Schlomer."

■■■ It is improper for the prosecutor to make an argument which takes the form of personally vouching for the witness. *Lawson v. State* (1976), 171 Ind.App. 163, 355 N.E.2d 274. The State concedes that the prosecutor's statements were improper. However, the prosecutor withdrew his opinion and the trial court admonished the jury to disregard the statement. Considering the remedial measures taken immediately after the statement was made, appellant was not placed in a position of grave peril. The trial court did not err.

■■■ Appellant challenges the statement made by the prosecutor during his opening statement in the habitual offender phase of the trial. The statement was as follows:

"Today Sergeant Wessel has also taken fingerprints from David J. Schlomer, the individual who sits there at the defense table. Sergeant Wessell will testify that the fingerprints of the individual who was incarcerated who was named David Schlomer of Burglary in 1981 and the fingerprints of the individual who we took here today, that being the defendant, are, in fact, one and the same. You'll remember in the earlier proceeding I indicated to you that nothing's perfect. Well the Indiana Department of Corrections is unable to locate fingerprints when Mr. Schlomer was convicted."

Appellant objected on the ground that the prosecutor was improperly testifying since there was not going to be any testimony from a representative of the Department of Correction. Appellant also moved for a mistrial. The trial court denied the motion and admonished the jury to disregard any reference to the Department of Correction.

■■■ Although the prosecutor's statement was inappropriate, the trial court removed any prejudice by admonishing the

jury to disregard the statement. An admonition is presumed to be sufficient to protect the defendant's rights and to remove any prejudice. *Underwood, supra.* The trial court did not err.

■ Finally, appellant challenges the statement made by the prosecutor during his rebuttal to appellant's final argument in the habitual offender phase of the trial. The prosecutor stated:

> "I'll agree with Mr. Brinson that the prisons are crowded and ... I guess, in the event you find the State has proven it's case, there's just going to have to find some more room for Mr. Schlomer. But I submit to you, ladies and gentlemen of the jury, this individual has been a habitual and continual law breaker almost from the time he became an adult. And I submit to you that your safety and the safety of your friends and neighbors...."

Appellant objected and moved for a mistrial due to the prosecutor's reference to the jury's safety. The trial court denied the motion for mistrial and admonished the jury to disregard the remark pertaining to their safety. Appellant argues that this remedial measure was insufficient.

The prosecutor did not complete his statement, but it is reasonable to conclude he began to state that the safety of the jurors would be in jeopardy if they did not find appellant to be a habitual offender. We have held that a comment such as the above does not subject appellant to grave peril. *Dresser v. State* (1983), Ind., 454 N.E.2d 406. The trial court did not err.

■ Appellant does not contest the sufficiency of the evidence presented by the State to prove the 1982 conviction. Appellant contends that the State's evidence regarding the 1977 conviction was insufficient; therefore, the habitual offender conviction must be set aside.

■ Certified copies of judgments or commitments containing a name the same or similar to appellant's may be introduced to prove the commission of prior felonies. *Andrews, supra.* There must be supporting evidence, which may be circumstantial, to identify appellant as the person named in the documents. *Id.* If the evidence yields logical and reasonable inferences from which the trier of fact may determine it was indeed appellant who was convicted of the felony, then sufficient connection has been shown. *Id.*

To prove the 1977 robbery conviction, the State offered in evidence the information for robbery and a commitment order. The State also presented testimony from Leslie Chanley, formerly of the Vincennes Police Department, that he filed the information charging appellant with robbery in 1976. Chanley further testified that he had viewed a photograph of appellant taken at the time of the robbery conviction and identified appellant in court. The State presented sufficient evidence from which the jury could conclude that appellant was the person convicted in 1977.

The trial court is affirmed.

SHEPARD, C.J., and DICKSON, J., concur.

DeBRULER and KRAHULIK, JJ., concur in result.