STATON, Judge.
James Weemes appeals his convictions of burglary, a class A felony,[1] and two counts of criminal recklessness, a class D felony.[2] He presents three issues for this court’s review:
I.Whether Weemes was entitled to a mistrial due to inappropriate judicial communication to the jury.
II.Whether Weemes’ burglary conviction is supported by sufficient evidence having probative value.
III.Whether Weemes was entitled to merger of his convictions of burglary and criminal recklessness (Count I).
We affirm in part, reverse in part, and remand.
At approximately 1:00 a.m. on February 17, 1993, Weemes arrived at the Fort Wayne residence of Leon and LaTonya Harris. The Harrises were entertaining several visitors. Weemes requested to speak with Theresa Anderson, the mother of Weemes’ daughter.
Anderson initially refused to speak to Weemes and he left. However, when Weemes returned with Anderson’s brothers, Anderson walked outside and approached Weemes’ vehicle. Weemes demanded that Anderson take their child from the Harris residence. Anderson responded that Weemes had no child and that she eared about Leon.
Weemes removed a rifle from his vehicle and approached the front door of the Harris residence. He fired a shot into the center of the door and then kicked the door open; he stepped inside the residence and continued firing. LaTonya was struck by two bullets.
Weemes pursued Leon through the residence. When Leon sought refuge in a closet, Weemes fired two shots into the closet. Weemes allowed Leon to leave the closet and the two struggled. Eventually, Leon fled into the yard and police officers were summoned.
I.

Mistrial

Immediately prior to the closing arguments, the trial court addressed the jury as follows:
“[W]e are at that point in this case where you will hear the final statements of counsel and I will read to you final instructions, similar but more extensive than the ones I read, the preliminary instructions that I read at the beginning of the case, basically statements of the law that you’ll be using in your deliberations. And then you’ll retire to deliberate. The one suggestion or reminder that I would give to you which is also in the instructions is that remarks of counsel are not evidence but are statements of what they believe the evidence was or reasoning, appropriate reasoning based upon the evidence that you might conclude. You may accept or reject those statements as you see fit. If the statements of counsel regarding facts or testimony differ from yours you should rely upon your judgment as to what the facts or evidence was, and I’m not suggesting and I would in fact tell you that neither of these lawyers would intentionally mislead you. They are, however, advocates, and they may see things differently. You should rely on your own perceptions of what the testimony was.”
Record, pp. 366-7.
Weemes requested a mistrial, contending that the trial court’s comments destroyed defense counsel’s ability to make an effective closing argument.
The trial court has discretion in determining whether to grant a mistrial, and its decision is afforded great deference on appeal because the trial court is in the best position *831 to gauge the surrounding circumstances of the event and its impact on the jury. Schlomer v. State (1991), Ind., 580 N.E.2d 950, 955. To prevail on appeal, an appellant must show that he was so prejudiced that he was placed in a position of grave peril to which he should not have been subjected. Id. However, mistrial is an extreme remedy in a criminal case which should be granted only when nothing else can rectify the situation. Id.
Here, the trial court’s admonition to the jury did not specifically denigrate the argument of either attorney. The language was consistent with Preliminary Instruction 8 and Final Instruction 16 (given without objection), providing that unsworn statements or comments of counsel on either side should not be considered as evidence and that the jurors had a duty to determine the facts from the testimony and evidence while disregarding information from other sources.
Weemes has not established that he was prejudiced by the trial court’s admonition. A mistrial was not warranted.
II.

Sufficiency of the Evidence

Weemes claims that the State presented insufficient evidence to prove that he committed burglary because (1) there was no evidence that Leon Harris owned the residence Weemes entered and (2) there was no evidence of Weemes’ intent to commit a felony inside the residence.
In order to convict Weemes of burglary as a class A felony, the State was required to establish that Weemes: (1) broke and entered the building or structure of another person; (2) with intent to commit a felony in it; and (3) a person other than Weemes sustained bodily injury. I.C. 35-43-2-1.
Our test for sufficiency of the evidence requires that we neither weigh the evidence nor resolve questions of credibility. We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. Jones v. State (1992), Ind., 589 N.E.2d 241, 242.
Leon, LaTonya and several eyewitnesses testified that Weemes kicked in the front door of the Harris residence and fired multiple shots inside and outside the residence. LaTonya testified that she, Leon and their mother resided there together. Thus, the State established that Leon had a posses-sory interest in the residence, as stated in the charging information. It was not necessary that the State establish Leon’s actual ownership of the residence. Reed v. State (1982), Ind., 438 N.E.2d 704, 705; Butler v. State (1985), Ind.App., 478 N.E.2d 126, 130, reh. denied.
Moreover, the intent to commit a felony after breaking and entering premises typically can be inferred from the subsequent conduct of the individual inside the premises or by the manner in which the crime was committed. Johnson v. State (1992), Ind. App., 605 N.E.2d 762, 765, trans. denied. After demanding his daughter’s appearance, Weemes armed himself with a rifle. As he approached the residence, he exhibited his willingness to fire the rifle, despite his admitted knowledge that the residence was occupied. His intent to commit the felony of criminal recklessness inside the residence could be inferred from the circumstances surrounding his entry.[3]
The State presented sufficient evidence to establish that Weemes committed burglary.
III.

Merger

Finally, Weemes contends that he was sentenced in violation of double jeopardy principles because the charge of criminal recklessness (Count I) and the elevation of the burglary charge to a Class A felony were predicated upon a single act—the discharge of a rifle.
*832 The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, prohibits multiple punishment for the same offense. However, multiple offenses may stem from the same act. Derado v. State (1998), Ind., 622 N.E.2d 181, 182. Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. Jackson v. State (1993), Ind., 625 N.E.2d 1219, 1221 (citing Blockburger v. United States (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306). “Stated another way, double jeopardy prohibitions are not necessarily violated where the same act or transaction is used to prove separate offenses, so long as each offense requires proof of an additional fact that the other does not.” Derado, supra, at 183.
A double jeopardy analysis involves both a comparison of the statutory provisions and an evaluation of the manner in which the offenses were actually charged. Buie v. State (1994), Ind., 633 N.E.2d 250, 260.
The elements of criminal recklessness as charged are: recklessly, knowingly or intentionally performing an act which creates a substantial risk of bodily injury to another person. I.C. 35-42-2-2(b)(l). The elements of burglary are: breaking and entering the building or structure of another person, with intent to commit a felony therein. Bodily injury to any person other than a defendant will support the enhancement of the offense to a class A felony. I.C. 35-43-2-1.
The charging information as to Count I alleged that Weemes committed criminal recklessness by discharging a firearm in the direction of LaTonya; the burglary information alleged that he committed a class A felony because LaTonya sustained bodily injury-
In establishing that Weemes caused La-Tonya’s bodily injury (gunshot wounds), the State necessarily established that Weemes subjected LaTonya to a “substantial risk of bodily injury.” The offense of criminal recklessness as charged did not require proof of an additional fact which the offense of elevated burglary did not. Thus, Weemes’ criminal recklessness conviction (Count I) should be merged into his burglary conviction.
We affirm in part, reverse in part, and remand with instructions to the trial court to vacate Weemes’ criminal recklessness conviction (Count I).
GARRARD, J., concurs in part and dissents in part with opinion.
KIRSCH, J., concurs.

. IND. CODE 35-43-2-1.

. IND. CODE 35-42-2-2.

. A person who recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to another person commits criminal recklessness. The offense is a class D felony if it is committed while armed with a deadly weapon. I.C. 35—42—2—2(b).