Donald **OWENS**, Appellant–Defendant,

v.

**STATE of Indiana**, Appellee–Plaintiff.

No. 34A02–9804–CR–396.

Court of Appeals of Indiana.

June 30, 1999.

Mark Dabrowski, Deputy Public Defender, Kokomo, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Janet Brown Mallett, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

MATTINGLY, Judge

Donald Owens appeals his conviction, after a jury trial, of Dealing in Cocaine, a Class A felony. He raises two issues, which we combine and restate as whether the trial court erred in denying Owens' motion for mistrial when Owens' attorney became aware, during trial, that another of his clients was going to be called as a rebuttal witness to testify against Owens.

We reverse.

### FACTS AND PROCEDURAL HISTORY

Owens was arrested and charged with four counts of Dealing in Cocaine, as Class A felonies. The sale of cocaine out of which Count I arose occurred on August 25, 1994, when Terri Ferenc, acting as a confidential informant, purchased crack cocaine from Owens. The sales which gave rise to Counts II, III, and IV also involved Ferenc and occurred respectively on September 1, 1994, September 8, 1994, and September 9, 1994. The jury found Owens guilty of Count I but not guilty of Counts II, III, and IV.

Ferenc testified that another individual, Clinton Spruill, was present at the August 25, 1994 sale which gave rise to the sole count of which Owens was found guilty. The State had not listed Spruill on its witness list prior to Owens' trial, but decided to call Spruill as a rebuttal witness after Owens' counsel indicated in his opening statement that Owens would testify in his own defense.

At the time of Owens' trial, Owens' counsel was also representing Spruill on drug charges. Owens' counsel moved for a mistrial, citing an irreconcilable conflict of interest due to his representation of both Spruill and Owens. Because of knowledge acquired during his representation of Spruill, counsel argued, he would be unable to properly cross-examine Spruill. The motion for mistrial was denied.

Owens testified that although he had seen Ferenc, he did not know her and she had not been at his house. However, Spruill testified on rebuttal that he had taken Ferenc to Owens' house before and that, on August 25,

1994, he was present at the house and saw Owens sell cocaine to Ferenc. Spruill also admitted he had been involved with cocaine and that he had criminal charges pending against him. Owens' counsel did not cross-examine Spruill. The jury found Owens guilty of the count arising out of the sale about which Spruill testified. It found him not guilty of the three other counts.

## DISCUSSION AND DECISION

Owens asserts that the trial court erred in denying his motion for mistrial, as his attorney had an actual conflict of interest[1] which precluded cross-examination of a State's witness. When a defendant's motion for mistrial is denied, reversible error exists only if that denial subjects the defendant to grave peril. Grave peril is measured by the probable persuasive effect on the jury of the challenged action, evidence, or misconduct. *See, e.g., James v. State*, 613 N.E.2d 15, 22–23 (Ind.1993) (addressing impact on the jury of admission of evidence of defendant's criminal history and of trial court's "contingent" admission of exhibits the State later withdrew). On appeal, the trial court's decision is reviewed only for an abuse of discretion. *Ben–Yisrayl v. State*, 690 N.E.2d 1141, 1149 (Ind.1997), *reh'g denied, cert. denied*, —— U.S. ——, 119 S.Ct. 877, 142 L.Ed.2d 777 (1999).

We agree that the denial of Owens' motion for a mistrial subjected him to grave peril as measured by the probable persuasive effect on the jury of testimony by a State's witness who could not be subjected to effective cross-examination. The denial of the motion for a mistrial was thus an abuse of the trial court's discretion.

A defendant's Sixth Amendment right to conduct cross-examination is normally satisfied when the defense is given "a full and fair opportunity to probe and expose infirmities in a witness' testimony, thereby calling to the attention of the factfinder the reasons for giving scant weight to the witness' testimony." *Hendricks v. State*, 554 N.E.2d

1140, 1143 (Ind.Ct.App.1990), *aff'd*, 562 N.E.2d 725 (Ind.1990). Our supreme court has characterized the right to fully, adequately and effectively cross-examine as "fundamental and essential to a fair trial." *Sweet v. State*, 498 N.E.2d 924, 927 (Ind. 1986).

Still, the denial of effective cross-examination is subject to a harmless error analysis. *Hendricks*, 554 N.E.2d at 1143. Whether such an error is harmless in a particular case depends upon a number of factors, including the importance of the witness' testimony to the prosecution's case, whether the testimony is cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, and the overall strength of the prosecution's case. *Id.*

The State characterizes the evidence against Owens, even without Spruill's testimony, as "substantial," Brief of Appellee at 2, and "overwhelming," *id.* at 4, and characterizes Spruill's testimony as "merely cumulative." *Id.* at 2. Thus, it asserts, "any denial of the right to cross-examination was harmless beyond a reasonable doubt." *Id.*

We disagree. Spruill was the State's only witness other than Ferenc and the police officers and was the only witness who could corroborate Ferenc's testimony that Owens sold cocaine to Ferenc. The date on which Spruill testified he saw Owens sell cocaine to Ferenc marked the only offense of which Owens was convicted; the jury found Owens not guilty on every count where Ferenc's account of the transaction was uncorroborated. The State's evidence apart from Spruill's testimony was clearly not sufficiently "overwhelming" or even "substantial" to convince the jury of Owens' guilt.

This leads to the inescapable conclusion that the jury was unwilling to convict Owens based solely upon the testimony offered by Ferenc and the police officers. Had Owens' counsel been able to cross-examine Spruill, he might have been able to impeach Spruill's

---

1. The State does not argue on appeal that there was no conflict of interest or that the conflict did not preclude effective cross-examination of Spruill. Rather, it argues only that Owens was not prejudiced by the inability to cross-examine Spruill because there was other evidence of Owens' guilt and Spruill's rebuttal testimony was merely cumulative.

testimony. However, Owens' counsel was prevented from effectively cross-examining Spruill due to the rules protecting lawyer-client confidentiality, *e.g.*, Ind. Professional Conduct Rule 1.6, and prohibiting representation of a client when such representation might be materially limited by the attorney's responsibilities toward another client, *e.g.*, Prof. Cond. R. 1.7. As a result, the denial of Owens' motion for a mistrial subjected him to grave peril, and we must reverse and remand for new trial.

Reversed and remanded.

RILEY, J., and SULLIVAN, J., concur.